No. 13-3839

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

RICHARD WAGONER,
Plaintiff-Appellant,

    v.

BRUCE LEMMON, Indiana Department of Correction
and
INDIANA DEPARTMENT OF CORRECTION,
Defendants-Appellees.

Appeal from the United States District Court
For the Northern District of Indiana, South Bend Division
Case No. 3:05-cv-438 CAN
Hon. Christopher A. Nuechterlein, Magistrate Judge

APPELLANT'S PETITION FOR REHEARING
AND REHEARING EN BANC OF DECISION OF
FEBRUARY 4, 2015

INDIANA LEGAL SERVICES, INC.
Kent Hull, Atty. #8580-71
Attorney for the Plaintiff-Appellant
Richard Wagoner

401 E. Colfax Avenue, Suite 116
South Bend, IN  46617
(574) 234-8121
(574) 239-2185 (Fax)
kent.hull@ilsi.net

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RICHARD WAGONER,           )<br>       Plaintiff,           )<br>                              )<br>    v.                        )<br>BRUCE LEMMON, Commission of the  )<br>Indiana Department of Correction and )<br>INDIANA DEPARTMENT OF CORRECTION, )<br>       Defendants.        ) | Case No. 3:05-cv-00438 |

PLAINTIFF'S DOCKETING STATEMENT

    1.    Corporate Disclosure: Appellant/Plaintiff Richard Wagoner, an individual, has been represented in this litigation only by Attorney Kent Hull of Indiana Legal Services, Inc., undersigned counsel at the address below.

    2.    District Court jurisdiction: 28 U.S.C. §1331 (laws and Constitution of the United States, principally 42 U.S.C. §794 (Rehabilitation Act), §12131 (Title II of the Americans with Disabilities (ADA),. and § 1983 (embodying the Eighth and Fourteenth Amendments to the Constitution). As reflected in the order of June 28, 2011(DE 120), the parties consented to trial by the magistrate judge.

    3.    Court of Appeals jurisdiction: 28 U.S.C. sec. 1291 (final decision of district court).

    4.    The district court issued its opinion and final order on November 26, 2013, which the clerk of the district court entered with the clerk's judgment on December 5, 2013.

    Dated this <u>13th</u> day of February, 2015.

                                                                     Respectfully Submitted,
                                                                     INDIANA LEGAL SERVICES, INC.

                                                                     <u>/s/Kent Hull</u>
                                                                     Kent Hull (#8580-71)

401 East Colfax Avenue, Suite 116
South Bend, Indiana 46617
Telephone:  (574) 234-8121
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing *Plaintiff's Docketing Statement* was served by means of electronic transmission through the clerk of this Court on all opposing counsel of record.

Dated this 13th day of February, 2015.

/s/ Kent Hull_____
Kent Hull
Attorney for Plaintiff

TABLE OF CONTENTS

DISCLOSURE STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iv

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

    I.      In concluding that IDOC was entitled to summary judgment
           because Wagoner's counter designated evidence did not show
           a violation of Title II/§504, the panel contradicted decisions
           of the Supreme Court and of this Court. . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II.     The panel's affirmance of the district court's refusal to
           consider Wagoner's submissions on the issue of IDOC's
           obstruction of his efforts to exhaust administrative remedies
           conflicts with decisions of the Supreme Court and of this Court. . . . . . 9

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

## TABLE OF AUTHORITIES

Page

<u>Cases</u>

*Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1
*Anderson v Liberty Lobby, Inc.,* 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . .1
*Ash v. Wallenmeyer,* 879 F.2d 272 (7th Cir.1989) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11
*Conley v. Gibson,* 355 U.S. 41, 48 [1957] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
*Foman v. Davis,* 371 U.S. 178 (1962) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11
*Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832 (7th Cir. 2014) . . . . . . . . . . .2
*Malin v. Hospira, Inc.,* 762 F.3d 552 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Modrowski v. Pigatto,* 712 F.3d 1166 (7th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . 3
*Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . 2, 4
*Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 208 (1998) . . . . . . . . . . . . . . . .7
*Roberts v. Neal,* 745 F.3d 232 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4
*Salgado by Salgado v. Gen. Motors Corp.,* 150 F.3d 735 (7th Cir. 1998) . . . . . . . . 4, 11
*Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750 (7th Cir. 2014) . . . . . . . . . . . . . . . . . . 3
*Tolan v. Cotton,* 134 S. Ct. 1861, 1866 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
*U.S. (Tony Goodman) v. Georgia,* 546 U.S. 151 (2006) . . . . . . . . . . . . . . . . . . . . . .2, 7
*Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994) . . . . . . . . . . . . . . . 3
*Washington v. Indiana High Sch. Athletic Ass'n, Inc.,* 181 F.3d 840,
    845, n. 6 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

<u>Statutes</u>

29 U.S.C. § 794 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
42 U.S.C. §12131. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6

# SUMMARY OF ARGUMENT

I.  *The Panel's Affirmance of Summary Judgment.*

The panel decision conflicts with decisions of the Supreme Court of the United States and of the Court of Appeals for the Seventh Circuit, and consideration by the full court is therefore necessary to secure and maintain uniformity of this Court's decisions. Appellant Richard Wagoner ("Wagoner") lists the citations of those decisions here, with fuller discussion in the Argument below:

Supreme Court

*Tolan v. Cotton,* 134 S. Ct. 1861, 1866 (per curiam 2014), reiterating that federal courts "may not resolve genuine disputes of fact in favor of the party seeking summary judgment." *Id.,* at 1866 (citations omitted). Federal courts must "adhere to the fundamental principle that at the summary judgment stage, reasonable inferences should be drawn in favor of the nonmoving party." *Id.,* at 1868.

*Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970), reiterating that "[i]n making that determination, a court must view the evidence in the light most favorable to the opposing [non-movant] party." *Id.,* at 157 (punctuation omitted) and cited with approval in *Tolan,* 134 S. Ct. at 1866.

*Anderson v Liberty Lobby, Inc.,* 477 U.S. 242 (1986), reiterating that a "judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a

genuine issue for trial." *Id.,* at 249 (punctuation omitted), and cited with approval in *Tolan,* 134 S. Ct. at 1866.

*U.S. (Tony Goodman) v. Georgia,* 546 U.S. 151 (2006), holding that "insofar as Title II [of the Americans with Disabilities Act, 42 U.S.C. §12131 *et seq.*] creates a private cause of action for damages against the States for conduct [of a state prison system] that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Id.,* at 159 (original emphasis). The Court recognized that Goodman sued, in part, because the prison system denied him "services on account of his disability." *Id.,* at155

Seventh Circuit

*Hansen v. Fincantieri Marine Grp., LLC,* 763 F.3d 832 (7th Cir. 2014), citing *Tolan* and holding that "[i]t appears that the district court chose between competing inferences, drawing adverse inferences against [non-movant], which was improper at the summary judgment stage. [A]t summary judgment, a court may not choose between competing inferences. Admittedly, [non-movant] does not have abundant evidence to establish [his contentions]; but *he does not need abundant evidence to create a jury question." Id.,* at 843 (emphasis added, citations and punctuation omitted).

*Payne v. Pauley,* 337 F.3d 767, 770 (7th Cir. 2003), reiterating that, on a summary judgment motion, "[t]he court has one task and one task

2

only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Id.,* at 770, quoting *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir.1994).

*Modrowski v. Pigatto*, 712 F.3d 1166 (7th Cir. 2013), holding that the non-movant, in order to defeat a motion for summary judgment, must make "a showing sufficient to establish the existence of an element essential to [his] case.... [and go] beyond the pleadings....to demonstrate that there is evidence upon which a jury could properly proceed to find a verdict in [his] favor." *Id.,* at 1168-1169.

*Malin v. Hospira, Inc.,* 762 F.3d 552 (7th Cir. 2014), *reh'g denied,* holding that the movant for summary judgment may not "cherry-pick" the evidence by "selectively quoting deposition language it likes and ignoring deposition language it does not like." *Id.,* at 764.

*Suchanek v. Sturm Foods, Inc.,* 764 F.3d 750 (7th Cir. 2014), following *Malin* and reversing after identifying a pattern of "repeatedly cherry-pick[ing] the evidence designated on a motion for summary judgment." *Id.,* at 762.

II.   *The Panel's Affirmance of the District Court's Refusal to Conduct a Pavey Hearing.*

<u>Supreme Court</u>

*Foman v. Davis,* 371 U.S. 178 (1962), reiterating, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that

3

the purpose of pleading is to facilitate a proper decision on the merits. The Rules themselves provide that they are to be construed to secure the just, speedy, and inexpensive determination of every action. [Fed. R. Civ. Proc.] Rule 1." *Id.,* at 181-182 (punctuation omitted and quoting *Conley v. Gibson,* 355 U.S. 41, 48 [1957]).

Seventh Circuit

*Pavey v. Conley,* 544 F.3d 739 (7th Cir. 2008) ("*Pavey I*") in two respects: *Pavey I's* exercise of de novo review, *Id.,* at 742, and its holding that a prisoner's allegations of interference with his right to pursue administrative rulings require a bench hearing on evidence. *Pavey I* is distinct from the later decision, 663 F.3d 899 (*Pavey II)* applying, *Id.,* at 904, the "abuse of discretion" in reviewing the district court's decision on the merits of the claim adjudicated at the bench hearing.

*Salgado by Salgado v. Gen. Motors Corp.,* 150 F.3d 735 (7th Cir. 1998), recognizing that the "abuse of discretion" standard is "not without teeth." *Id.,* at 739 (citations omitted).

*Roberts v. Neal,* 745 F.3d 232 (7th Cir. 2014), applying *Pavey I* to require "only…an evidentiary hearing," *Id.,* at 234 on obstruction claims and forbidding resolution of a *Pavey* issue on summary judgment procedure. *Ash v. Wallenmeyer,* 879 F.2d 272 (7th Cir.1989), recognizing that "litigation under the Federal Rules of Civil Procedure is not supposed to be merely a game, a joust, a contest; it is also a quest for truth and

4

justice." *Id.,* at 275.

# ARGUMENT

I. *In concluding that IDOC was entitled to summary judgment because Wagoner's counter designated evidence did not show a violation of Title II/§504, the panel contradicted decisions of the Supreme Court and of this Court.*

The panel concluded that the district court "properly dismissed Wagoner's ADA and Rehabilitation Act claims." Op., at 5.

Wagoner's strongest argument is that by failing to repair his wheelchair, IDOC impeded his access to facilities available to non-disabled prisoners. But Wagoner has not asserted as did the prisoner in *Love v. Westville Correctional Center,* that he was "denied all access to some programs and activities, and his access to others was severely limited." 103 F.3d at 560. Wagoner says only that he was inconvenienced with longer waits and humiliation, as when he had to crawl off the regular van because it did not accommodate his wheelchair. These disconcerting allegations do not amount to a denial of services within the meaning of either statute. Wagoner could have claimed that the wheelchair itself is a service under either act, because it is necessary to accommodate his paraplegia, but IDOC provided Wagoner with a new wheelchair before he filed his grievance about the backrest. Op., at 6.

In his Appellant's Brief, he stated:

*Wheelchairs and wheelchair repair*: He had "ongoing," ([IDOC trial] Br., at 6, pt. 19(b).) problems with the wheelchairs IDOC provided to him during his imprisonment because the chairs were not properly fitted to his needs, repaired or maintained. ([IDOC trial]Br., pt. 19 (a)-(d).) He counter-designated the following evidence to show the existence of a dispute of material fact, and his testimony about the deficiencies of wheelchairs is extensive. He lists only illustrative parts, starting at Dep. 23, l. 22-24, l. 5, "front wheel [of wheelchair] came off... they gave me a wheelchair...and it didn't have any legs on it, so my legs would have drug on the floor."; Dep., 25-41, 63, l. 21-63; 112-113, 116, 118-119, 120-127, 132, 133, 136, 138, 139, 146, 146-149, 161, 170, 175, 178, 188, 209, describing how the deficient wheelchairs resulted in his isolation and depression; 223, 232-239; 247-253. The testimony just cited described also the problems caused by improper design, placement of cushions and poor maintenance.

5

<u>Brief and Required Short Appendix of Plaintiff-Appellant Richard Wagoner</u>, at 6.

The panel's statement that he "says only that he was inconvenienced with longer waits and humiliation, as when he had to crawl off the regular van because it did not accommodate his wheelchair" is wrong. The Opinion appears to assume that he complained about one wheelchair; in fact, he used the plural "wheelchairs." Yet his Brief stated, "He counter-designated the following evidence to show the existence of a dispute of material fact, and his testimony about the *deficiencies of wheelchairs* is extensive. He lists only illustrative parts...." Brief and Required Short Appendix, at 6 (emphasis added).

Neither the Briefs nor the record support the panel's statement that, "Wagoner says only that he was inconvenienced with longer waits and humiliation, as when he had to crawl off the regular van because it did not accommodate his wheelchair." Op., at 6. Yet he argued and counter-designated his deposition testimony "describing how the deficient wheelchairs resulted in his isolation and depression; [Dep.] 223, 232-239; 247-253. The testimony just cited described also the problems caused by "improper design, placement of cushions and poor maintenance." Brief and Required Short Appendix, at 6 (emphasis added). His Brief and counter-designations demonstrate that the panel is again wrong in stating that his "allegations do not amount to a denial of services within the meaning of either," Op., at 6, Title II of the ADA, 42 U.S.C. §12131 et seq. or the Rehabilitation Act, 29 U.S.C. §794.

The panel erred further in stating that Wagoner "says only that he was inconvenienced with longer waits and humiliation, as when he had to crawl off the

6

regular van because it did not accommodate his wheelchair." Op., at 6. His Brief and counter-designations plainly argue and testify differently, and the position attributed to him by the panel is wrong.

The panel misconstrues both Wagoner's contentions under Title II/§504 and the evidence he counter-designated. The panel then compounds that error by ignoring the duties imposed on IDOC in its treatment of him as a prisoner with disabilities. Contrary to the Opinion, his "allegations [do] amount to a denial of services within the meaning of [Title II/§504]." Op., at 6.

This Court has "held previously that the standards applicable to one act [Title II or §504] are applicable to the other." *Washington v. Indiana High Sch. Athletic Ass'n, Inc.,* 181 F.3d 840, 845, n. 6 (7th Cir. 1999) (citations omitted). Title II/§504 "covers inmates in state prisons," *Pennsylvania Dep't of Corr. v. Yeskey,* 524 U.S. 206, 208 (1998), and "insofar as Title II creates a private cause of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Tony Goodman,* at 882.

Tony Goodman "is a paraplegic inmate in the Georgia prison system who…[a]fter filing numerous administrative grievances in the state prison system…challeng[ed] the conditions of his confinement. He named as defendants the State of Georgia and the Georgia Department of Corrections (state defendants) and several individual prison officials. He brought claims under Rev. Stat. § 1979, 42 U.S.C. § 1983, Title II of the ADA, and other provisions not relevant here, seeking "both injunctive relief and money damages against all defendants." 546 U.S. at 154-

7

55. The Court summarized his allegations:

> He alleged that the lack of accessible facilities rendered him unable to use the toilet and shower without assistance, which was often denied. On multiple occasions, he asserted, he had injured himself in attempting to transfer from his wheelchair to the shower or toilet on his own, and, on several other occasions, he had been forced to sit in his own feces and urine while prison officials refused to assist him in cleaning up the waste. He also claimed that he had been denied physical therapy and medical treatment, and denied access to virtually all prison programs *and services on account of his disability. Id.,* at155 (emphasis added).

IDOC acknowledged that his disputes with IDOC about "wheelchairs" were "ongoing." Brief and Required Short Appendix of Plaintiff-Appellant Richard Wagoner, at 6, citing [IDOC trial] Br., at 6, pt. 19(b).

The panel dismissed Wagoner's contention, stating he "could have claimed that the wheelchair itself is a service under either act, because it is necessary to accommodate his paraplegia, but IDOC provided Wagoner with a new wheelchair before he filed his grievance about the backrest." Op., at 6. He asserted an ongoing dispute about more than one wheelchair. He stated in his Reply Brief, "*IDOC had an activity or program of supplying wheelchairs to prisoners with disabilities; proper fit of those wheelchairs, together with maintenance, was a part of that program.* [He] counter-designated a long series of problems, occurring with or developing from his initial complaints. He did not complain of isolated or disconnected events." Reply Br. at 9 (emphasis added). In short, he did what the panel states that he did not do.

The panel Opinion conflicts with *Tolan* because it fails to draw reasonable inferences in favor of Wagoner, and with *Hansen* because it chose among competing inferences. He counter-designated sufficient evidence upon which a jury could find in his favor, under *Modrowski.* If the panel did not "cherry pick," as forbidden in

8

*Malin* and *Suchanek,* its summary of his evidence reveals a contradiction. While concluding that his "allegations do not amount to a denial of services within the meaning of [Title II/§504]," Op., at 6, the panel recognizes that, "IDOC took *five years* to get Wagoner a new wheelchair." Op., at 4 (original emphasis).

A reasonable inference which a jury could properly draw in his favor, under *Modrowski*, is that, during those years, his access to programs and services was impaired as described in *Tony Goodman.* That this alternate inference is just as reasonable as the panel's contrary choice becomes clear when one considers his counter-designated evidence about persistent transportation problems. The panel violates *Tolan, Adickes, Anderson, and Payne* both by minimizing the gravity of Wagoner's problems and by denying him the opportunity to obtain a jury's verdict on his claims.

> II.　　*The panel's affirmance of the district court's refusal to consider Wagoner's submissions on the issue of IDOC's obstruction of his efforts to exhaust administrative remedies conflicts with decisions of the Supreme Court and of this Court.*

In the district court, Wagoner filed (dk. 163) on April 18, 2013 a "Motion for Evidentiary Hearing on Issue of Exhaustion of Administrative Remedies," citing *Pavey I.* The district court entered, dk. 168 (May 20, 2014), this Order:

> However, Plaintiff has not yet established that a dispute of fact as to whether Plaintiff exhausted his administrative remedies before filing this action exists. Therefore, the Court has no reason to schedule a Pavey hearing. *Plaintiff may use his response to Defendants' motion for summary judgment to create such a record*. If he does, the Court will schedule a Pavey hearing should exhaustion remain an issue after the Court's full consideration of the pending motion for summary judgment. *Id.,* at 4 (emphasis added).

9

On June 14, 2013, Wagoner filed (dk. 171) his timely Brief (with counter-designated evidence) opposing IDOC's motion for summary judgment. At pages 3-4 of that Brief, he stated that he would file "shortly after June 14, 2013" the *Pavey* submissions because there was a conflict between the *Pavey* requirement that the district evaluate the credibility of the prisoner's allegation and the prohibition, in *Anderson,* that a court considering a summary judgment motion may not engage in "credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts...." (dk. 171)*,* at 4, quoting *Anderson.*

He filed (dk, 173) the *Pavey* motion on July 15, with evidence attached. In an Opinion and Order of November 26, 2013 (dk. 179, entered December 5) the district court refused to consider the *Pavey* material "[b]ecause the Court afforded Wagoner the opportunity to make his Pavey argument fully within the confines of his Response Brief [to IDOC's] motion for summary judgment." The panel affirmed the refusal, stating that "[t]he judge did not abuse his discretion in refusing to consider those materials, because Wagoner did not comply with the order on when and how to submit them." Op., at 4.

There are two ways to view the *Pavey* issue. The panel's view is simply that Wagoner's lawyer made a misstep in bifurcating the issues and that the deferential abuse of discretion standard requires affirmance.

The second is that the attempted bifurcation was prescient. It is reasonable for counsel to have assumed the district was planning to rule on the *Pavey* issues in the context of IDOC's summary judgment motion. In *Roberts,* decided less than months

10

after the district court herein ruled, this Court, speaking through the author of *Pavey I*, reversed a district court which ruled on *Pavey* issues in a summary judgment ruling and stated "[a] swearing contest requires an evidentiary hearing to resolve, and none was held." 745 F.3d at 234.

Wagoner was justified in his bifurcation, and the panel's deferential review does not justify affirmance given the swiftly changing case law. Even under the deferential standard, this Court has recognized that "[a]s our case law makes very clear, however, this standard is not without teeth." *Salgado,* 150 F.3d at 739 (citations omitted). And if the bifurcation was a misstep, the Supreme Court has emphasized the import of the requirement in Fed. R. Civ. Proc. 1 for the just, speedy, and inexpensive determination of every action. *Foman,* 371 U.S. at 181-182. This Court emphasized the same principle in *Ash v. Wallenmeyer,* 879 F.2d 272 (7th Cir.1989), recognizing that "litigation under the Federal Rules of Civil Procedure is not supposed to be merely a game, a joust, a contest; it is also a quest for truth and justice." *Id.,* at 275.

## CONCLUSION

The panel's Opinion undercuts and weakens the very important *Pavey I* and *Roberts* rulings by emphasizing a requirement for evidentiary hearings separate from summary judgment procedures, but-in this one case-deferring to the district court's conjoining the two. The result is not only an erroneous decision, but one which confuses the existing law. Wagoner requests that the panel rehear this case or that this Court en banc do so and vacate the panel opinion, with the district court reversed

11

and the case remanded for trial.

Dated this 13th day of February, 2015.

>Respectfully Submitted,
>INDIANA LEGAL SERVICES, INC.


>/s/Kent Hull
>Kent Hull (#8580-71)

401 East Colfax Avenue, Suite 116
South Bend, Indiana 46617
Telephone:  (574) 234-8121
Attorney for Plaintiff


CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the above and foregoing Petition for Rehearing and Rehearing En Banc was served on counsel for defendant via electric transmission through the Clerk of this Court this 13th day of February, 2015.

>/s/Kent Hull
>Kent Hull (#8580-71)